Pesante Martínez, Juez Ponente
*927 TEXTO COMPLETO DE LA SENTENCIA
I
El 18 de febrero de 1997 la Junta de Confiscación del Departamento de Justicia le comunicó a la demandante-peticionaria, Prentals, Inc. h/n/c National Car Rental que un vehículo de su propiedad había sido confiscado y que el mismo fue tasado en la cantidad de $17,000.00. En respuesta, la peticionaria presentó en el Tribunal de Primera Instancia, Sala Superior de Humacao, una demanda de impugnación de confiscación de vehículo de motor al amparo de las disposiciones de la Ley Uniforme de Confiscaciones, 34 L.P.R.A. sees. 1723 et seq. En la misma alegó que es una corporación dedicada al negocio de alquiler de vehículos de motor a corto plazo, con oficinas principales en el Aeropuerto Luis Muñoz Marín, Carolina, Puerto Rico. Argüyó que adquirió la posesión del vehículo de motor Ford Taurus, año 1997, tablilla número CMW500, mediante contrato de arrendamiento financiero con Popular Leasing, por lo que es la parte con interés propietario sobre dicho vehículo. Asimismo alegó que el 7 de febrero de 1997, la demandante le arrendó el referido vehículo a Enrique González mediante contrato de arrendamiento número L-277757-0. Ese mismo día el vehículo fue confiscado en el municipio de Humacao por haber sido utilizado para infringir los Artículos 5 y 5-A de la Ley de Armas, Ley Núm. 17 del 19 de enero de 1951, 25 L.P.R.A. secs. 411 et seq.
La demandante sostuvo en su demanda que para todos los efectos legales debía considerársele como un tercero inocente ya que ella tomó todas las diligencias razonables para evitar el uso ilegal del vehículo aludido y el vehículo fue confiscado mientras estaba en posesión del arrendatario, Enrique González. El 19 de septiembre de 1997, la demandante presentó una solicitud de sentencia sumaria solicitando se declarara con lugar la demanda a tenor con lo dispuesto en la Ley Núm. 93 de 13 de julio de 1988, Ley Uniforme de Confiscaciones de 1988, según enmendada por la Ley Núm. 167 de 28 de agosto de 1996. Alegó que mediante las enmiendas incorporadas al referido estatuto, el Estado tiene que demostrar la existencia de un vínculo delictivo entre el dueño del vehículo y la persona que lo alquila o lo maneje para que proceda la confiscación. Adujo que en el caso de marras, el Estado no presentó prueba al respecto, razón por la cual, no se rebatió la presunción a su favor creada por disposición estatutaria.
El 11 de octubre de 1997, el Estado contestó la demanda de impugnación mediante un escrito titulado Réplica a Moción Solicitando Sentencia Sumaria. En la misma argüyó que el procedimiento de confiscación va dirigido contra la cosa y no contra su dueño y que a la demandante no le aplica la excepción del tercero inocente.
El 22 de octubre de 1997, el Tribunal de Primera Instancia emitió un resolución declarando sin lugar la moción de sentencia sumaria. Es de esta resolución que se recurre ante nos mediante el presente recurso de Certiorari.
Expedimos el auto solicitado y revocamos la resolución en cuestión.
II
La Ley Núm. 93 de 13 de julio de 1988, Ley Uniforme de Confiscaciones de 1988, 34 L.P.R.A. sees. 1723 et seq., fue creada con el propósito de ampliar los poderes del Estado para poder confiscar toda aquella propiedad que haya sido utilizada con fines ilegales. Alejandro Rivera v. Estado Libre Asociado, et. al., _ D.P.R. _ (1996), op. de 10 de abril de 1996, 96 J.T.S. 50, pág. 950. A esos efectos autoriza al Secretario de Justicia a incautar a favor del Estado Libre Asociado de Puerto Rico y privar a una persona de su propiedad cuando la misma ha sido utilizada en la comisión de un acto ilegal penable por nuestro Código Penal, o en violación a las leyes de sustancias controladas, de armas y explosivos, en las leyes de juegos prohibidos, en las leyes contra el crimen organizado, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, leyes de vehículos y tránsito y de embarcaciones. 34 L.P.R.A. see. 1723.
*928 En nuestra jurisdicción el procedimiento de confiscación tiene un carácter in rem, esto es, que va dirigido contra la cosa y no contra la persona (dueño de la Propiedad) de tal modo que si éste, consciente y voluntariamente entrega la posesión al infractor, sus derechos corren la misma suerte del uso al que el infractor pueda someter el vehículo. Del Toro Lugo v. Estado Libre Asociado, _ D.P.R _ (1994), op. de 12 de septiembre de 1994, 94 J.T.S. 119, pág. 160. Véase también, General Accident Ins. Co. v. E.L.A., _ D.P.R. _ (1994), op. de noviembre de 1994, 94 J.T.S. 140; Carlo v. Srio. de Justicia, 107 D.P.R. 356 (1978).
Por otro lado, nuestro acervo jurisprudencial establece que a pesar del carácter in rem del procedimiento de confiscaciones, como excepción a la norma, el dueño del vehículo no perderá su propiedad cuando éste o un tercero inocente demuestre que el infractor no tenía permiso para utilizar el vehículo o que se tomaron expresamente todas las medidas cautelares para precaver el uso ilegal de la propiedad en la comisión de un delito. Del Toro Lugo v. Estado Libre Asociado, supra. Véase, también, Estado Libre Asociado v. Tribunal Superior, 94 D.P.R. 717, 721 (1967); Carlo v. Srio. de Justicia, supra, pág. 361.
De esta manera, la doctrina ha elaborado una ruta de cautelosa "atenuación de severidad" para aquellos casos en que se demuestre que el dueño del vehículo es un tercero inocente. Del Toro Lugo v. Estado Libre Asociado, supra. No olvidemos que "no toda entrega de la posesión de un vehículo tiene iguales motivaciones, ni idéntica justificación, ni la misma necesidad, ni similares propósitos." Ochoteco v. Tribunal Superior, 88 D.P.R. 517, 528 (1963). En otras palabras, cada caso deberá verse y pesarse a la luz de sus hechos particulares.
Ahora bien, "independientemente de la naturaleza civil de la acción, la forma en que ha sido aplicada la sanción, el procedimiento que se utiliza y las defensas permitidas en éste" hay que reconocer que la referida norma posee un carácter punitivo. Del Toro Lugo v. Estado Libre Asociado, supra. Por consiguiente, nuestro Tribunal Supremo desarrolló una jurisprudencia que exhortaba a los tribunales que al interpretar y aplicar los estatutos que autorizaban la confiscación lo hicieran de un forma restrictiva. Ibid.
En la actualidad, las empresas que se dedican al alquiler de vehículos atraviesan por un tedioso proceso cada vez que un vehículo de su propiedad es utilizado para cometer un delito y el mismo es confiscado. Para proteger a empresas como la del demandante la Legislatura aprobó la Ley Núm. 167 de 28 de agosto de 1996, y estableció una presunción de tercero inocente a favor del demandante. La referida ley reza en lo pertinente como sigue:

"Artículo 2. - Toda propiedad que sea utilizada en relación a la comisión de delitos graves y de aquellos delitos menos graves en que por ley se autorice la confiscación, cuando tales delitos graves y menos graves estén tipificados en el Código Penal del Estado Libre Asociado de Puerto Rico, en las leyes de sustancias controladas, de armas y explosivos, en las leyes contra el crimen organizado, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos y tránsito y de embarcaciones, así como en otras leyes y aquella propiedad que esté sujeta a una sentencia de confiscación que así lo autorice, será confiscada en favor del Estado Libre Asociado de Puerto Rico. Disponiéndose que no estará sujeto a ocusación para fines de confiscación un vehículo alquilado a una empresa acreditada, el cual es usado en la comisión de un delito en que por ley se autorice la confiscación a menos que el Estado pruebe la existencia de un vínculo delictivo entre el dueño del vehículo y la persona que lo alquila o lo maneje.

Cuando no proceda la confiscación por las circunstancias antes expuestas, el arrendatario del vehículo deberá pagar a favor del Estado Libre Asociado de Puerto Rico, el monto de la tasación del mismo. Para que una empresa acreditada como de alquiler de vehículos pueda levantar esta defensa, deberá haber verificado que el arrendador del vehículo, cuando sea una persona natural, era un conductor autorizado conforme a las Leyes del Estado Libre Asociado de Puerto Rico. Además, mediante un sistema fotográfico identificará e incluirá en el expediente de la unidad arrendada la fotografía de la persona a quien se le entregó el vehículo, quien también deberá ser un conductor autorizado conforme a las Leyes del Estado Libre Asociado de Puerto Rico. Dichos expedientes, incluyendo las fotografías, estarán disponibles para la inspección de cualquier funcionario estatal o federal como parte de una investigación criminal."

*929 De otra parte y relacionado al precepto que antecede, la Regla 218 de las de Procedimiento Criminal establece que:

"(c)(ll) Cuando en la comisión del delito se hubiere utilizado un vehículo alquilado a una empresa acreditada, el magistrado le deberá ordenar al imputado que deposite una garantía legal suficiente a favor del Estado Libre Asociado de Puerto Rico para cubrir el monto del valor de la tasación del vehículo para la eventualidad de que proceda la confiscación del vehículo; el producto de la garantía será depositado en el fondo especial administrado por la Junta de Confiscaciones según establecido en la Ley Núm. 93 de 13 de julio de 1988, según enmendada."

Como se puede apreciar, la Ley Núm. 167 trasladó el peso de la prueba recayendo en el Estado el peso de probar que existía un vínculo delictivo entre el usuario del vehículo alquilado y la empresa dueña del vehículo, o sea, que para que proceda la confiscación el Estado tiene que probar la existencia de un vínculo delictivo entre el dueño del vehículo y la persona que lo alquila y lo maneja. Exposición de Motivos, Ley Núm. 167 de 28 de agosto de 1996.
En el caso de marras, la demandante solicitó la anulación de la confiscación mediante la presentación de una moción de sentencia sumaria alegando que el Estado carecía de pruebas que lo vinculara con el delito que se le imputó al arrendatario. Además acompañó su solicitud con la declaración jurada de la señora Carmen M. Vázquez Ortiz, Gerente General de Rentals Inc. En la misma declaró que la compañía tiene una política de arrendamiento de que "es mejor un vehículo bien estacionado que uno mal alquilado". Véase, Petición de Certiorari, Apéndice 7, pág. 27. Conforme a dicha política los empleados reciben entrenamiento y seminarios sobre el trato al cliente y mecanismos a seguir en un arrendamiento de vehículos, no sólo por personas con experiencia en este campo, sino también por las compañías de tarjetas de crédito.
Estos otorgan un gran peso a la información y estudio que surge de los terminales electrónicos de las compañías de tarjetas de crédito. A su vez, la información que se obtiene de los terminales se corrobora con la información que el empleado obtiene de la licencia de conducir y con las preguntas investigativas que se les hagan.
En el presente caso, el Estado no presentó documentos que controvirtieran las alegaciones de la demandante a los efectos que ésta no tenía ningún vínculo delictivo con el arrendatario del vehículo confiscado y que habían tomado medidas cautelares para alquilar el vehículo a personas no vinculadas con actividades delictivas. Más aún, la demandante sin tener el peso de la prueba acreditó las medidas adoptadas para evitar el uso ilegal de sus vehículos. Resolvemos pues, que de los escritos y documentos obrantes en el expediente no surge prueba tendente a demostrar la existencia de un vínculo delictivo entre la demandante y el arrendatario.
La Regla 36 de Procedimiento Civil preceptúa que cualquier parte que interese se disponga de su caso podrá presentar una moción solicitando se dicte sentencia sumaria a su favor sobre la totalidad de la reclamación o parte de ella. 32 L.P.R.A. Ap. III, Regla 36. El objetivo principal de dicho mecanismo es facilitar la solución rápida, justa y económica de aquellos casos que no presentan genuinas controversias de hechos, por lo que no ameritan la celebración de una vista evidenciaría. Medina Morales v. Merck, Sharp & Dohme Química de Puerto Rico Inc., _ D.P.R. _ (1994), op. de 7 de abril de 1994, 94 J.T.S. 52, pág. 11786. Véase también, Pilot Life Ins. Co. v. Crespo Martínez, _ D.P.R. _ (1994), op. de 13 de julio de 1994, 94 J.T.S. 104, págs. 20-21, Tello Rivera v. Eastern Airlines, 119 D.P.R. 83, 86 (1987); Corp. of the Presiding Bishop v. Purcell, 117 D.P.R. 714, 720 (1986). Usada correctamente ayuda a descongestionar los calendarios judiciales. Méndez Arocho v. El Vocero de P.R., _ D.P.R. _ (1992), op. de 30 de junio de 1992, 92 J.T.S. 94, pág. 9715.
Cuando la parte promovente "luego de haber transcurrido un tiempo adecuado y razonable para el descubrimiento de prueba, puede demostrar que del récord del tribunal surge que la parte promovida no cuenta con evidencia suficiente para probar un elemento esencial de su caso sobre el cuál tiene el peso de la prueba, procede que se dicte sentencia sumaria desestimando la demanda." Medina Morales v. Merck, Sharp & Dohme Química de Puerto Rico Inc., supra, pág. 11786.
Como mencionáramos anteriormente, la demandante tiene una presunción de tercero inocente que *930 el Estado no ha podido controvertir. No surge nada en el récord que nos persuada de lo contrario. En ausencia total de controversia de hecho, el juez de instancia debió declarar con lugar la moción de sentencia sumaria.
Por los fundamentos antes expuestos se expide el auto de Certiorari y se revoca la resolución en controversia y en su lugar procedemos a declarar con lugar la Moción de Sentencia Sumaria presentada por la parte peticionaria.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida I. Oquendo Graulau
Secretaria General